ADRIAN JESSIE BREWER, BETTY YOUNG BREWER AND BETTY YOUNG BREWER, GUARDIAN AD LITEM FOR ROBIN RENEE BREWER, A MINOR v. CATAWBA COUNTY

No. 7525SC876

(Filed 5 May 1976)

Counties § 4— county ABC board — employee not employee of county
 The trial court properly concluded that an employee of the Catawba County Alcoholic Beverage Control Board was not an employee of Catawba County so as to make that county liable for torts committed within the scope of his employment by the Board.

APPEAL by plaintiffs from *Ervin, Judge.* Judgment entered 15 August 1975 in Superior Court, CATAWBA County. Heard in the Court of Appeals 18 February 1976.

Plaintiffs started this action to recover for personal injuries and property damage sustained by them in an automobile accident which occurred in late November, 1971. They alleged that a car driven by an employee of the Catawba County Alcoholic Beverage Control Board was negligently operated and collided with their automobile causing personal injuries and property damage. Plaintiffs further alleged that the automobile driven by said employee was owned by the Catawba County Alcoholic Beverage Control Board, "a legally established entity within and under the control of the defendant" and was being

used by the employee within the scope of his employment. Service of process was on the acting county manager.

Defendant filed a motion to dismiss on the grounds "[t]hat the County of Catawba and the Catawba County Alcoholic Beverage Control Board are completely separate and independent governmental bodies with separate and independent jurisdictions, functions and purposes;" that the employee of the ABC Board was not an employee of Catawba County and that Catawba County was not the proper defendant.

Prior to a hearing on the motion, plaintiffs' original counsel was allowed to withdraw due to a conflict of interest, in that he had been appointed county attorney for the County of Catawba after the filing of this action. Plaintiffs' present counsel was then employed. Thereafter, the defendant filed its answer and also filed affidavits to the effect that the employee was not employed by the County of Catawba on the date in question but was an employee of the Catawba County Alcoholic Beverage Control Board at that time.

By agreement of the parties, this matter came on for hearing before Judge Ervin who treated defendant's motion for judgment on the pleadings as a motion for summary judgment. Summary judgment was entered in favor of defendant and plaintiffs' action was dismissed.

Plaintiffs appealed.

*Bailey, Brackett & Brackett, P.A., by Martin L. Brackett, Jr., for plaintiff appellants.*

*Smathers & Farthing, by Edwin G. Farthing, for defendant appellee.*

VAUGHN, Judge.

The only question presented is whether the employee of the Catawba County Alcoholic Beverage Control Board is an employee of Catawba County so as to make that county liable for torts committed within the scope of his employment by the Board. We hold that Judge Ervin correctly concluded that he was not. In so doing, we follow the reasoning of the Supreme Court in *Hunter v. Retirement System*, 224 N.C. 359, 30 S.E. 2d 384. In that case, the Court held that employees of the Alcoholic Beverage

Control Board of New Hanover County were not employees of New Hanover County. The judgment is affirmed.

Affirmed.

Chief Judge BROCK and Judge CLARK concur.